NESBITT COTTON COMPANY, Petitioner, *v.* COMMIS-SIONER OF INTERNAL REVENUE, Respondent.

Docket No. 1207. Decided September 22, 1926.

In the absence of evidence that the action of the Commissioner in failing to reduce the excess-profits tax for the fiscal year ended July 31, 1919, under section 328 of the Revenue Act of 1918, was erroneous, his determination must be approved.

*James L. Respess, C. P. A.,* for the petitioner.
*J. Arthur Adams, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income and profits tax for the fiscal year ended July 31, 1919, in the amount of $1,151.43. The petitioner claims that it is entitled to have its tax liability determined in accordance with the provisions of section 328 of the Revenue Act of 1918, on the ground that there was an abnormality in its invested capital which worked upon the corporation an exceptional hardship evidenced by gross disproportion between the tax computed without the benefit of the section and the tax computed with reference to representative corporations.

### FINDINGS OF FACT.

The petitioner is a Georgia corporation with its office and place of business at Cordele, and is engaged in the business of buying and selling cotton. It filed an income and profits-tax return for the fiscal year ended July 31, 1919, which showed a net income of $29,253.84

and an invested capital for the year of $44,263. The income and profits tax assessed upon the return was $11,291.52. As a result of minor changes, the Commissioner has determined a deficiency in tax for the year of $1,151.43.

In a letter addressed to the petitioner by the Commissioner under date of September 19, 1924, the petitioner was advised that after careful consideration and review by the Commissioner the petitioner's application for assessment of its profits tax under the provisions of section 328 of the Revenue Act of 1918, was denied " inasmuch as an audit disclosed no hardship evidenced by gross disproportion between the tax computed without the benefit of the above section and the tax computed by reference to the representative corporations specified in section 328."

The petitioner required large amounts of money for the conduct of its business during the taxable year in question and certain individual stockholders obligated themselves as surety on the company's notes in the borrowing of such money. The overdraft of the company at its bank on July 31, 1919, was approximately $230,000. The average amount of borrowed capital for the entire year, as shown by an average of the amounts borrowed at the close of each month within the taxable year, was $352,390.43.

OPINION.

SMITH: The petitioner alleges error on the part of the Commissioner in determining that it is not entitled to any reduction of tax liability for the fiscal year ended July 31, 1919, " inasmuch as an audit disclosed no hardship evidenced by gross disproportion between the tax computed without the benefit of the above section and the tax computed by reference to the representative corporations specified in section 328."

The Commissioner has determined the net income of the taxpayer for the fiscal year in question at $31,130.32. He has determined that the tax due is $12,442.95. At the hearing of this case counsel for the petitioner claimed that the average invested capital for the year was $22,704.20 and that upon such average invested capital the income and excess-profits tax claimed to be due was 54 per cent of such average invested capital, and that by reason of such fact and by the further fact that the business was largely done upon borrowed capital it should be entitled to relief under section 328. The petitioner has, however, furnished no evidence as to the amount of tax paid by representative corporations and this Board can not determine that the petitioner has not received the consideration to which it is entitled under the relief provisions of the statute.

*Judgment for the Commissioner.*